UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NATIONSTAR MORTGAGE LLC,

Plaintiffs,

v.

HIGHLAND RANCH HOMEOWNERS ASSOCIATION; LVDG LLC SERIES 182; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No. 3:15-cv-00375-MMD-CBC

ORDER

## I. SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Nationstar Mortgage LLC's ("Nationstar") motion for summary judgment (ECF No. 94). The Court has reviewed Defendants Highland Ranch Homeowners Association ("HOA") and Defendant Airmotive Investments LLC's ("Airmotive") responses (ECF Nos. 102, 103) as well as Nationstar's reply (ECF No. 105). For the following reasons, the Court denies Nationstar's motion for summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Yesenia Hough ("Borrower") purchased real property ("Property") located within the HOA at 6943 Chorale Court, Sun Valley, NV 89433 on February 8, 2010. (ECF No. 94-1 at 3-4.) The Borrower financed the purchase with a loan ("Loan") in the amount of

$125,681 from Bank of America, N.A. ("BANA"). (*Id.* at 3.) The Loan was evidenced by a promissory note ("Note") and secured by a first deed of trust ("DOT"). (*See id.* at 2-3; ECF No. 94 at 2.) The DOT designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. (ECF No. 94-1 at 3.)

The DOT was assigned to Nationstar in June 2013. (ECF No. 94-2 at 2.)

The Borrower failed to pay HOA assessments, and the HOA, through its agent Alessi & Koenig, LLC ("Alessi"), recorded the following notices: (1) notice of delinquent assessment lien on April 17, 2013 (ECF No. 94-4); (2) notice of default and election to sell on July 25, 2013 (ECF No. 94-5); and (3) notice of trustee's sale on February 12, 2014 (ECF No. 94-6).

The HOA sold the Property ("HOA Sale") for $6,200 to LVDG LLC Series 182 ("LVDG"). (ECF No. 94-7.) A trustee's deed upon sale was recorded March 26, 2014. (*Id.*) LVDG transferred the Property to Airmotive on August 1, 2016. (ECF No. 103 at 7.)

Nationstar asserted the following claims in its First Amended Complaint ("FAC"): (1) quiet title/declaratory judgment against LVDG; (2) breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against LVDG. (ECF No. 60 at 6-14.)

**III.  LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment

1 | is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.     DISCUSSION

Nationstar moves for summary judgment on all its claims arguing that (1) it is entitled to equitable relief and (2) NRS § 116.3116 is facially unconstitutional. (ECF No. 94 at 1, 5-15.) The HOA and Airmotive respond that Nationstar is not entitled to equitable relief and that NRS § 116.3116 is constitutional. (ECF No. 102 at 8-15; ECF No. 103 at 12-19.) The Court agrees with the HOA and Airmotive and denies Nationstar's motion for summary judgment.

///

///

### A. Equitable Relief

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, Nationstar has not demonstrated fraud, unfairness or oppression. Nationstar argues that the HOA Sale was unfair because: (1) all the parties faced massive legal uncertainty; (2) the HOA and Alessi did not explain in their public notices whether they intended to foreclose on the superpriority portion of the lien and whether they intended to extinguish the DOT; (3) the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the DOT; and (4) Alessi obstructed Nationstar's efforts to satisfy the superpriority portion of the lien by effectively demanding payment in its notices that would include subpriority amounts. (ECF No. 94 at 8-9.) The HOA and Airmotive argue that none of these demonstrate fraud, unfairness or oppression. (ECF No. 102 at 13-15; ECF No. 103 at 13-17.)

The Court agrees with the HOA and Airmotive. First, the parties were "on more or less equal footing" to the extent that all the parties faced legal uncertainty. (ECF No. 103 at 13.) Thus, an atmosphere of legal uncertainty does not show unfairness in this case. Second, at the time of the HOA Sale, NRS § 116.3116 did not require that the notices sent to BANA specifically state that the HOA sought to foreclose on the superpriority portion of

///

///

///

its lien.[1] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017) (rejecting this argument). Third, a mortgage protection clause is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. *Bank of New York Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). Fourth, Nationstar failed to identify any efforts that it took to satisfy any portion of the HOA lien. (*See* ECF No. 94 at 3-4, 9; *see also* ECF No. 103 at 15.)

Thus, the Court declines to exercise its equitable powers to set aside the HOA Sale.

**B.    Constitutionality of NRS § 116.3116**

Nationstar argues that NRS § 116.3116 is facially unconstitutional because the pre-2015 version of NRS § 116.3116 did not require constitutionally adequate notice. (ECF No. 94 at 10-15.) The HOA and Airmotive argue that NRS § 116.3116 is constitutional as a result of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (2018) ("*SFR II*"). (ECF No. 103 at 17-18; ECF No. 102 at 8.) The Court rejects Nationstar's arguments based on the reasoning set forth in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *2-4 (D. Nev. Jan. 23, 2019).

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nationstar's motion for summary judgment (ECF No. 94) is denied.

///

///

---

[1] The Nevada Supreme Court recently found that NRS § 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR II*, 422 P.3d at 1253.

It is further ordered that the parties file supplemental briefs up to ten pages in length within ten days of the date of this order addressing whether judgment should be entered in favor of Defendants. Based on the undisputed evidence and the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014), it appears that the HOA Sale extinguished Nationstar's DOT and that there are no disputed issues for trial.

DATED THIS 13th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE