UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION; LVDG LLC SERIES 182; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 3:15-cv-00375-MMD-CBC<br><br>ORDER |

The Court issued an order denying Plaintiff Nationstar Mortgage LLC's ("Nationstar") motion for summary judgment (ECF No. 94) on March 13, 2019. (ECF No. 107.) Defendants had not moved for summary judgment on the claims against them. The Court ordered the parties to file supplemental briefs by March 22, 2019, addressing whether judgment should nevertheless be entered in favor of Defendants. (*Id.* at 6.) The Court noted: "Based on the undisputed evidence and the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014), it appears that the HOA Sale extinguished Nationstar's DOT [first deed of trust] and that there are no disputed issues for trial." (*Id.*)

Only one party filed a supplemental brief—Defendant Highland Ranch Homeowners Association ("HOA"). (ECF No. 108.) The HOA agrees with the Court's view and requests that the Court enter judgment in favor of the HOA and against Nationstar. (*Id.* at 6.)

"District courts unquestionably possess the power to enter summary judgment sua sponte . . . ." *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2000). Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the

court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). "*Sua sponte* grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue," *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (internal quotation marks and citation omitted), and "has had a full and fair opportunity to ventilate the issues involved in the matter," *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (internal quotation marks and citation omitted). *See also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party.").

Here, the Court denied Plaintiff's motion for summary judgment and observed that the undisputed evidence presented supports a finding that the HOA Sale extinguished Plaintiff's DOT. (ECF No. 107 at 6.) This finding would necessarily result in judgment in favor of Defendants, but they had not sought summary judgment. Plaintiff did not respond to the Court's order for supplemental briefing. The Court thus will direct entry of judgment in favor of Defendants.

It is therefore ordered that the Clerk of the Court enter judgment in favor of Defendants and close this case.

DATED THIS 25th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE